### HALL v. TEVIS.

(Circuit Court, S. D. New York. March 29, 1910. On Application for Order to Show Cause for Reargument, April 1, 1910.)

REMOVAL OF CAUSES (§ 86*)—PROCEEDINGS — CITIZENSHIP — ASSIGNED CLAIMS —PETITION FOR REMOVAL.

Where a suit by the transferee of a note was removed to the federal courts, but the removal petition contained no allegation as to the citizenship or residence of the transferror, showing that the citizenship of the defendant and transferror was diverse, or that the action could have been originally brought in the Circuit Court for the particular district, the federal court had no jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 170; Dec. Dig. § 86.*]

Action by William Henry Hall against John Tevis. On motion to remand. Granted.

Charles Coleman Miller, for plaintiff.
Lodowick Holmes Jones, for defendant.

#### On Motion to Remand.

NOYES, Circuit Judge. In this action the plaintiff sues as transferee of a promissory note payable to the order of Melville D. Chapman. The petition for removal contains no allegations with respect to the citizenship or residence of said Chapman. Consequently it does not appear that Chapman and the defendant are citizens of different states, and that the Circuit Court of the United States has jurisdiction

of the controversy. Indeed, it does not appear—even if we go outside the petition for removal—that the action could have been brought originally in the Circuit Court for this district, and was properly removable to this court. The plaintiff could not waive the want of jurisdiction shown by the failure to allege diverse citizenship between the plaintiff's assignor and the defendant, and the proof is insufficient to establish a waiver of the jurisdiction of this particular Circuit Court.

The motion to remand is granted.

### On Application for Order to Show Cause for Reargument.

Assuming that the court may go outside the petition for removal and into the removal record, nothing is to be found showing the citizenship of the plaintiff's assignor, Chapman. The only statement regarding his residence is in his affidavit, and this does not state his residence at the commencement of the action. Obviously the statements in the affidavit filed by the defendant in this court after the removal of the cause cannot be considered.

The application for an order to show cause is denied.